Filed 8/13/14  P. .v Cisneros CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072533 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F01127) |
| v. | |
| RICHARD LEE CISNEROS, | |
| Defendant and Appellant. | |

A jury found defendant Richard Lee Cisneros and his codefendant, Christopher Colard, guilty of first degree burglary.  Defendant contends he received ineffective assistance of trial counsel because counsel did not determine a second prior conviction allegation was invalid at the time it was alleged.  He also contends trial counsel was ineffective because counsel did not provide defendant with the opportunity to view an in-car camera recording prior to the prosecutor's withdrawal of a plea offer.  We affirm.

1

BACKGROUND

A recitation of the details surrounding defendant's underlying offense is unnecessary to the resolution of this appeal. It is sufficient to state that on February 10, 2012, the residential alarm was activated at the home of Helen Cummins. A neighbor saw defendant and Colard standing at Cummins's gate and fence, saw one of them jump over the fence, and then saw them both running down the street. Shortly thereafter, officers apprehended both men.

While defendant and Colard were in the patrol car following their arrest, an audio/video recording of their conversation was made. During that conversation, defendant said, "Just say I went with you and then you split up to buy drugs and then you decided to rob her. Just do it bro." Colard replied: "No. Hell, no. Fuck you, (unintelligible). Fuck you. Don't try to do that." Defendant responded: "Oh, my -- hey. OK, I wasn't with you. Just say I wasn't with you." After a short discussion of what their story would be, defendant said, "Hey. Listen. Just say I didn't have nothin' to do with it bro." Colard interjected that he intended to plead not guilty because he had to make it to his father's funeral. Defendant continued, "Promise me (unintelligible) you say he didn't have nothin' to do with it. So I at least have a chance with my boy. You know, I'll hold you down forever, bro. If you need it."

Both defendant and Colard were charged with first degree burglary. (Pen. Code, § 459.)[1] The information also alleged defendant had been convicted of a prior serious felony (juvenile adjudication for robbery, § 211) within the meaning of section 667, subdivision (a) and the "Three Strikes" law.

Early in the process, defendant was provided the opportunity to resolve the case for a four-year prison term. Defendant declined the offer. Subsequently, and up through

---

[1]     Further undesignated statutory references are to the Penal Code.

the first day of trial, defendant was offered a nine-year term (the minimum term for the charges and enhancements in the information). The nine-year offer was part of a "package deal" with codefendant Colard, who was offered one year under the terms of the deal.

On the first day of trial, the trial court heard the parties' motions in limine. The prosecutor successfully moved to be permitted to introduce into evidence the patrol car's in-car camera audio/video recording. The prosecutor also provided the trial court and counsel with a transcript of the audio/video recording of the conversation between defendant and codefendant Colard. Defense counsel had received a copy of the recording earlier but defendant had not seen it.

At the end of the first day of trial, defendant continued to reject the nine-year offer. The prosecutor amended the information to add an additional allegation that defendant had committed a second prior serious felony (juvenile adjudication for robbery, § 211).[2] At that point, the prosecutor offered defendant 14 years (the minimum term for the charges and enhancements in the amended information).

On the second day of trial, defendant's trial counsel noted defendant and Colard disputed the accuracy of the transcript provided for the in-car audio/video recording and informed the court he had been unable to show defendant the recording due to technological problems. Defense counsel informed the court defendant wanted a continuance of the trial.

The trial court questioned defense counsel, who indicated he had seen the video about a month earlier and was prepared to proceed with trial. The trial court asked defendant what the problem was and defendant responded he felt like he was forced to go

_____

[2]    The prosecutor expressly stated she previously discussed the second serious felony allegation with defense counsel and waited to file it in order to provide defendant the longest possible time to accept the plea offer.

to trial. He said he had been offered a package deal with codefendant Colard and "at the time it seemed like none of -- we can't -- like none of us can take the deal and, uhm, I'm innocent, you know." The day before, however, the record was clarified to establish that Colard had, throughout the proceedings, desired to accept the package plea offer which had offered him a one-year term. The trial court told defendant no one wanted to force him to take a plea deal.

Defendant continued to explain he wanted to negotiate but he was trying to get his strike conviction dismissed so he could get less time. The trial court interjected the time for negotiating a plea agreement had likely passed, considering they had a jury in the hallway, and confirmed with the prosecutor the case had gone through the normal pretrial process -- after which, the prosecutor, notably, did *not* disagree with the court or indicate a willingness to reopen plea negotiations.

The trial court also confirmed there had been an opportunity to resolve the case the day before and defendant countered it had been a package deal offering codefendant Colard significantly less incarceration time. Defendant then argued the case should have been bifurcated because Colard was going to testify on his behalf. The trial court told defendant Colard could still do so and denied defendant's request for a continuance. The trial court offered to allow counsel to use court equipment during the midday break so defendant could view the audio/video recording from the patrol car's camera.

The matter proceeded to trial and the jury found defendant and codefendant Colard guilty of first degree burglary. Defendant had previously waived trial on the prior conviction allegations and admitted them. The probation officer's report, however, revealed that the second alleged prior conviction had been for *attempted* robbery, not robbery, and as such, did not qualify as a prior serious felony conviction under section 667, subdivision (a). Accordingly, it was dismissed.

The trial court sentenced to the midterm of four years for the burglary, doubled to eight years due to the prior strike, plus five years for the prior serious felony conviction,

4

for a total of 13 years in this case. The trial court also sentenced defendant to a consecutive two-year eight-month term in an unrelated case, for an aggregate prison term of 15 years eight months.

DISCUSSION

"To prevail on a claim of ineffective assistance of counsel, defendant 'must establish not only deficient performance, i.e., representation below an objective standard of reasonableness, but also resultant prejudice.' [Citation.]" (*People v. Hart* (1999) 20 Cal.4th 546, 623.) We need not determine " 'whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.' " (*In re Fields* (1990) 51 Cal.3d 1063, 1079.)

"To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. [Citation.]" (*Missouri v. Frye* (2012) ___ U.S. ___ [182 L.Ed.2d 379, 392].)

Here, neither of defendant's claims of ineffective assistance of counsel resulted in prejudice.

I

Defendant argues the amended information reveals, on its face, that the second prior conviction allegation was invalid because the alleged conviction dates in both prior

5

conviction allegations are the same and section 667, subdivision (a), which provides for the five-year enhancement, requires the each conviction be brought and tried separately. (§ 667, subd. (a).) He thus contends his trial counsel was ineffective because counsel did not determine a second prior conviction allegation was invalid at the time it was alleged. He fails, however, to make a viable claim of prejudice.

Defendant had already rejected the nine-year offer when faced with the counts and allegations set forth in the information, absent the second prior conviction allegation. He cannot, therefore, establish that the immediate dismissal of the second prior conviction allegation would have somehow swayed him into accepting the plea agreement.

Defendant's contention that his counsel's failure to identify the second prior as invalid was prejudicial because it kept the prosecutor from leaving the nine-year offer into the second day of trial is pure speculation which assumes the prosecutor would have otherwise left the nine-year offer open.[3] As noted by the trial court, pretrial plea offers are customarily revoked once jury selection has commenced.

Thus, defendant has failed to establish prejudice flowing from his trial counsel's failure to obtain an immediate dismissal of the second prior serious felony conviction.

II

Defendant also claims he was prejudiced by his trial counsel's failure to show him the audio/video recording of the in-car conversation prior to the end of the first day of trial, when the prosecutor revoked the nine-year offer, because he claims he would have accepted the nine-year offer had he seen the recording. The record, however, does not establish a reasonable probability that he would have done so.

---

[3] After trial, defense counsel represented that the prosecutor had made a 14-year offer prior to commencement of jury selection. Fourteen years was the minimum term available based on the allegations in the information with the second prior conviction allegation. The record does not reflect how long that offer remained open.

First, we emphasize that defendant knew the recording was going to be presented as evidence by the prosecutor while the nine-year offer was still available, and he presumably knew what he said in the back of the patrol car, yet made no effort to accept the nine-year offer. After reviewing the transcripts of the conversation, his reaction was to request a continuance.

It is apparent from the discussion between defendant and the trial court after defendant returned to court on the afternoon of second day, having seen the in-car camera audio/video recording, that he sought a continuance for reasons wholly unrelated to anything he saw on that recording. It is further apparent that his reasons for wanting to continue to negotiate a plea were not based on his changed perception of the likelihood of his conviction after seeing the recording, but because he continued to believe the prosecutor's offer was disproportionate between him and Colard and because he wanted his strike dismissed.

After trial, defense counsel asserted on defendant's behalf that defendant felt the recording played a large part in his conviction and that defendant "feels if he had a chance to see that evidence before going to trial in this case, he would have resolved the case earlier." This posttrial representation carries little weight in our analysis, as it was made *after* defendant had been found guilty -- and perhaps more significantly, *after* the probation officer's report recommended he receive the midterm, rather than the previously offered lower term. It is no surprise, under such circumstances, that defendant would be second-guessing his decision to reject the offer.

Moreover, the trial court held a posttrial *in camera Marsden* hearing on the subject.[4] During the hearing, defendant claimed he had rejected the prosecutor's first offer of four years on advice of counsel because counsel believed the "charges would be

---

**4** *People v. Marsden* (1970) 2 Cal.3d 118.

dropped or lowered." Counsel, however, told the court he had encouraged defendant to accept that offer. Defense counsel represented that, on the second day during the jury selection process, defendant asked the prosecutor to accept the nine-year deal, which the prosecutor said was no longer available. Defendant, however, told the trial court that, after he saw the recording, he asked the prosecutor, "Can I get a deal? I want a *five year deal.*" -- not that he asked to accept the previously revoked *nine-year* offer. (Italics added.) At the conclusion of the hearing, the trial court found defendant rejected the four-year and nine-year offers *not* because of anything trial counsel did (such as not show him the audio/video recording earlier), but because he believed codefendant Colard would exonerate him at trial.

In sum, the record fails to establish a reasonable probability that defendant would have accepted the nine-year offer had he seen the recording prior to the offer being revoked.

### DISPOSITION

The judgment is affirmed.


                                               NICHOLSON     , J.


We concur:


      BLEASE         , Acting P. J.


      DUARTE        , J.